1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>    v.<br><br>STEVEN T. LOO,<br><br>                    Defendant. | CASE NO. 2:24-cr-00072-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTION DATES |

16        This matter comes before the Court on Defendant Steven T. Loo's Unopposed Motion to

17 Continue Trial and Pretrial Motion Dates. Dkt. No. 22. Mr. Loo seeks to continue the trial date

18 from to January 27, 2025 to June 30, 2025. *Id.* at 1. He further states that if and when the Court

19 grants the continuance, "the parties will confer to agree on a revised scheduling order to address

20 the pretrial motions cutoff and other events" and present a proposed scheduling order to the Court.

21 *Id.* at 1, 7.

22       Mr. Loo is charged with six counts of Tax Evasion in violation of 26 U.S.C. § 7201 and 18

23 U.S.C. § 2, and six counts of Making and Subscribing to a False Tax Return in violation of 26

24

U.S.C. § 7206(1) and 18 U.S.C. § 2. Dkt. No. 1 at 5–8. The Court previously granted the parties' stipulated motion to continue the trial date. Dkt. Nos. 16, 20.

Mr. Loo requests a new trial date of June 30, 2025 because "[t]his case involves a large volume of discovery materials" exceeding 200,000 documents, discovery is ongoing (including a "robust" supplemental discovery request Loo recently submitted to the Government), and "the charges in the Indictment raise complex legal and factual issues." Dkt. No. 22 at 2–3. Furthermore, Mr. Loo expects that each side's expert disclosures will need to be supplemented due to the need for clarification of their conclusions. *Id.* at 3–4. He avers that denying the requested continuance would result in a miscarriage of justice and deny his counsel reasonable time necessary to review discovery, ensure expert reports are timely completed, and prepare for trial. *Id.* at 5. Mr. Loo has waived his speedy trial rights through July 14, 2025. Dkt. No. 23.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Loo in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). In addition, considering the volume of discovery, the complexity of this case due to the nature of the prosecution and the charges contained in the Indictment, and the events and issues that are cited in Mr. Loo's motion, it would be unreasonable to expect the parties to complete all pre-trial tasks without a continuance of the trial date and pretrial motions deadline. *Id.* § 3161(h)(7)(B)(ii). The Court finds that the additional time requested is a reasonable period of delay and is necessary to provide counsel and Mr. Loo sufficient time to review discovery, timely complete expert disclosures, and prepare for trial.

For these reasons, the Court GRANTS the motion, Dkt. No. 22, and ORDERS that the trial date shall be continued from January 27, 2025 to June 30, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendant's trial must commence under the Speedy Trial Act. Within two weeks of this Order, the parties may file a stipulated motion—or a separate motion if they cannot agree—proposing a new scheduling order, including a new deadline for pretrial motions.

Dated this 8th day of November, 2024.

*Lauren King*

Lauren King
United States District Judge