1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>STEVEN T. LOO,<br><br>                    Defendant. | CASE NO. 2:24-cr-00072-LK<br><br>ORDER STRIKING MOTION TO DISMISS THE INDICTMENT AND RELATED MOTIONS |

    This matter comes before the Court on Defendant Steven T. Loo's Motion to Dismiss the Indictment with Prejudice, Dkt. No. 42, and his related motions to seal exhibits to the motion and to file an overlength brief, Dkt. Nos. 40–41.

    A party who fails to meet the pretrial motions deadline without adequate justification waives pretrial objections. *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021). "Rule 12 of the Federal Rules of Criminal Procedure requires that a party show 'good cause' when making an untimely pre-trial motion." *United States v. Simmons*, No. 22-30134, 2023 WL 8016707, at *1 (9th Cir. Nov. 20, 2023) (quoting Fed. R. Crim. P. 12(c)(3))**;** *see also* Fed. R. Crim.

ORDER STRIKING MOTION TO DISMISS THE INDICTMENT AND RELATED MOTIONS - 1

P. 12 Advisory Committee Note to the 2014 Amendment; LCrR 12(c)(1) ("No [pretrial] motion may be filed subsequent to [the deadline for such motions] except upon leave of court for good cause shown."). The determination of whether good cause exists "lies in the discretion of the district court." *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Generally, "to obtain relief from waiver under Rule 12(e),[1] a party must present a legitimate explanation for his failure to raise the issue in a timely manner." *Anderson*, 472 F.3d at 670 (citing *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981)). An "inexcusably dilatory" motion does not establish good cause. *United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

Here, pretrial motions were due on May 2, 2025. Dkt. No. 26 at 2. Although this deadline has been in place since November 15, 2024, Mr. Loo filed his motions on May 19, 2025 without first obtaining leave to file late pretrial motions. Nor do the motions set forth good cause for their late filing. The motion to dismiss the Indictment states that "a pattern of perjury and manipulation by the Special Agent and the Government . . . only became clear when the Government, on May 12, 2025, began its production of its trial exhibits," Dkt. No. 42 at 3 n. 1, but it does not elaborate on how the relevant facts "became clear" on that date. Mr. Loo's terse explanation does not provide good cause for his failure to file his pretrial motions on or before the May 2, 2025 deadline.

Accordingly, the Court STRIKES Mr. Loo's Motion to Dismiss the Indictment, Dkt. No. 42, and his related motions to seal exhibits to the motion and to file an overlength brief, Dkt. Nos. 40–41, without prejudice to Mr. Loo's ability to file a motion for leave to file these pretrial motions late. Any motion for leave must attach the proposed motion(s), demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3), and address why the underlying motions could

---

[1] The 2014 amendments to Rule 12 moved the rule governing failure to timely raise pretrial motions from subsection (e) to (c)(3). Fed. R. Crim. P. 12 Advisory Committee Notes to the 2014 Amendment.

not have been brought prior to the now-elapsed May 2, 2025 pretrial motion deadline. Because the June 30, 2025 trial date is quickly approaching, the Court sets the following accelerated briefing schedule for the motion for leave: Mr. Loo shall file his motion by May 20, the Government shall file its response by May 23, and Mr. Loo shall file his reply by May 27, 2025. To the extent the Court permits Mr. Loo to file his motion to dismiss, it will likewise require an accelerated briefing schedule: the motion (which shall not exceed 8,400 words) will be due by May 28, 2025; a response will be due by 12:00 p.m. on June 4, 2025, and a reply will be due by June 7, 2025 (a Saturday; not the following Monday).

Dated this 19th day of May, 2025.

*Lauren King*

Lauren King
United States District Judge