UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00072-LK |
| Plaintiff, | ORDER DENYING |
| v. | DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME |
| STEVEN T. LOO, | MOTION TO DISMISS INDICTMENT AND GRANTING |
| Defendant. | MOTION TO SEAL |

This matter comes before the Court on Defendant Steven T. Loo's Motion for Leave to File Out of Time Motion to Dismiss the Indictment with Prejudice. Dkt. No. 45. For the reasons explained below, the Court denies the motion.

## I.    BACKGROUND

On April 24, 2024, a grand jury returned an Indictment against Loo for six counts of Tax Evasion in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7201, and six counts of Making and Subscribing to a False Tax Return in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7206(1). *See* Dkt. No. 1. The Indictment alleges that Loo "concealed and failed to report a total of approximately

$4.8 million in income for the tax years 2015 through 2020." Dkt. No. 1 at 2. In May 2024, the Court issued its Standing Order for All Criminal Cases ordering that "[a]ll motions . . . shall be made prior to the pretrial motions deadline." Dkt. No. 12 at 2.

Trial was originally scheduled to begin on July 1, 2024. Dkt. No. 7. In May 2024, the parties filed a stipulated motion to continue the trial date, which the Court granted. Dkt. Nos. 16, 20. On October 25, 2024, Loo filed an unopposed motion to continue the trial date to June 30, 2025 and to continue the pretrial deadlines. Dkt. No. 22. The Court granted the motion and ordered the parties to propose a new scheduling order, including a new deadline for pretrial motions. Dkt. No. 24 at 3. The parties submitted a proposed revised scheduling order with a May 2, 2025 deadline for pretrial motions, Dkt. No. 25 at 1, which the Court adopted, Dkt. No. 26 at 2. Loo did not file any pretrial motions by that date, and the Government timely filed its motions in limine. Dkt. No. 35.

On May 19, 2025 (17 days after the deadline for pretrial motions), Loo filed a Motion to Dismiss the Indictment with Prejudice, Dkt. No. 42, alongside related motions to seal exhibits to the motion and to file an overlength brief, Dkt. Nos. 40–41. Loo's motion to dismiss the Indictment is based on his contention that "the cumulative prejudicial impact of the Government's misconduct before the grand jury requires the indictment be dismissed with prejudice." Dkt. No. 42 at 2. Loo primarily argues that the prosecutors presented misleading testimony that one of Loo's businesses, Nex-Gen, did not file tax returns (although Loo contends that they did) and that Loo signed other tax forms (when he contends he did not). *Id.* The Court struck all three motions because Loo filed them after the deadline to file pretrial motions without obtaining leave to do so. Dkt. No. 44 at 2. The Court took this action "without prejudice to Mr. Loo's ability to file a motion for leave to file these pretrial motions late" and instructed that "[a]ny motion for leave must attach the proposed motion(s), demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3), and

address why the underlying motions could not have been brought prior to the now-elapsed May 2, 2025 pretrial motion deadline." *Id.* at 2–3.

On May 20, 2025, Loo filed this motion for leave, Dkt. No. 45, but did not attach a copy of the proposed motion as required by the Court's order, Dkt. No. 44 at 2. The Government responded to the motion, Dkt. No. 46, and then Loo filed his reply, Dkt. No. 48. Because Loo's reply included a new argument that was not in his motion—and he did not obtain leave to file the new argument—the Court allowed the Government to file a surreply. Dkt. No. 51; *see also* Dkt. No. 52 (Government's surreply).

Trial is scheduled to begin on June 30, 2025. Dkt. No. 26 at 2.

## II.    DISCUSSION

### A.    Legal Standard

A party who fails to meet the pretrial motions deadline without adequate justification waives pretrial objections. *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021). This holds true for motions to dismiss an indictment, which "must be made before trial or they are waived." *United States v. Kaplan*, 554 F.2d 958, 970 n.7 (9th Cir. 1977) (per curiam); *see also United States v. Collins*, 684 F.3d 873, 886 (9th Cir. 2012) (pretrial motions subject to Federal Rule of Criminal Procedure 12(b)(3) include motions to dismiss the indictment based on "any challenges to the grand jury proceedings"); *Kaplan*, 554 F.2d at 970 (same for claims alleging prosecutorial misconduct before the grand jury); Fed. R. Crim. P. 12(b)(3)(A)(v).

Although the Court has discretion to forgive this waiver, it may do so only if the defense establishes "good cause" for its untimely filing. Fed. R. Crim. P. 12(c)(3); *United States v. Simmons*, No. 22-30134, 2023 WL 8016707, at *1 (9th Cir. Nov. 20, 2023) ("Rule 12 of the Federal Rules of Criminal Procedure requires that a party show 'good cause' when making an untimely pre-trial motion." (quoting Fed. R. Crim. P. 12(c)(3)); *see also* Fed. R. Crim. P. 12

1   Advisory Committee Note to the 2014 Amendment; LCrR 12(c)(1) ("No [pretrial] motion may be

2   filed subsequent to [the deadline for such motions] except upon leave of court for good cause

3   shown."). And when the deadline for filing the pretrial motion has already passed, the Defendant

4   must show both good cause and "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Good cause

5   refers to a party's diligence in trying to comply with a deadline. *United States v. Anderson*, 472

6   F.3d 662, 669 (9th Cir. 2006). Excusable neglect focuses on the equities underlying whether to

7   excuse a party's noncompliance. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507

8   U.S. 380, 395 (1993); *United States v. Laverty*, No. 22-10187, 2024 WL 124294, at *3 (9th Cir.

9   Jan. 11, 2024).

10  **B.      Loo Fails to Show Good Cause**

11          The determination of whether good cause exists "lies in the discretion of the district court."

12  *Anderson*, 472 F.3d at 669 (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)).

13  Generally, "to obtain relief from waiver under Rule 12(e),[1] a party must present a legitimate

14  explanation for his failure to raise the issue in a timely manner." *Anderson*, 472 F.3d at 670 (citing

15  *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981)). Courts have found that good cause

16  exists when a party could not have timely submitted the motion because of a late production of

17  discovery materials, *United States v. Love*, No. 22-CR-75-1-JPS, 2023 WL 4702328, at *5–6 (E.D.

18  Wis. July 24, 2023); an intervening change in the law, *United States v. Mulder*, 889 F.2d 239, 240

19  (9th Cir. 1989); or recently discovered evidence that was not readily available, *United States v.

20  Allen*, 583 F. App'x 808, 809 (9th Cir. 2014). Conversely, an "inexcusably dilatory" motion does

21  not establish good cause. *United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

22

23

24  ---
    [1] The 2014 amendments to Rule 12 moved the rule governing failure to timely raise pretrial motions from subsection
    (e) to (c)(3). Fed. R. Crim. P. 12 Advisory Committee Notes to the 2014 Amendment.

    ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME MOTION TO DISMISS
    INDICTMENT AND GRANTING MOTION TO SEAL - 4

1    Loo offers several justifications for his late pretrial motion, including the volume of

2  discovery and complexity of the case. He argues that "the Defense team has been diligently

3  working on all aspects of this case, which is complex factually and legally." Dkt. No. 45 at 1. He

4  notes that although this is a single defendant case, it involves documents "well in excess of 165,000

5  pages," six years of tax returns, and 43 separate business entities. *Id.* at 1–2; *see also id.* at 2

6  (averring that Loo "is charged with twelve tax offenses spanning the years 2015–2020 in

7  connection with seven limited liability companies that operated commercial real estate properties

8  in Washington and California, as well two alleged 'shell' companies that received funds from the

9  seven limited liability companies"). Against that backdrop, the Government has produced

10  discovery on a rolling basis over the past two years. *Id.* at 2. "Not all productions included Bates

11  numbering, which has immeasurably complicated the Defense's task of sourcing documents and

12  determining which documents were shown to which witnesses." *Id.* The Government responds that

13  "the volume of discovery is unexceptional for a white-collar case." Dkt. No. 46 at 1–2; *see also*

14  *id.* at 6 (citing other white-collar crime cases in this district that involved similar or significantly

15  more discovery). The Government further states that the volume of discovery was particularly

16  manageable because "roughly 75% of the discovery was produced by October of 2022—18 months

17  before the case was indicted"—and Loo is represented by four lawyers from three different law

18  firms. *Id.* at 6. The Government notes that "[c]ounsel for the parties have an excellent working

19  relationship," and the prosecutors have "always been available to answer questions or discuss

20  issues." Dkt. No. 46-1 at 4. Most importantly, "[a]ll of the discovery that the defense relied upon

21  in its now-stricken motion to dismiss was produced between October 2022 and June 2024—and

22  was thus complete over 10 months before the May 2, 2025, pretrial motions deadline set by this

23  Court." Dkt. No. 46 at 2.

24

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME MOTION TO DISMISS
INDICTMENT AND GRANTING MOTION TO SEAL - 5

1    The Court agrees that the fact that the Government produced by June 2024 the discovery

2    Loo now relies on in his motion to dismiss the Indictment demonstrates that he has not shown

3    good cause for his late motion. *Id.* In addition, the volume of discovery in this case is not unusually

4    large. *Id.* at 6; Dkt. No. 46-1 at 2. Moreover, the Government began producing discovery in June

5    2022, approximately 22 months before the case was charged. Dkt. No. 46-1 at 3; *see also* Dkt. No.

6    22 at 2 (Loo writing, in October 2024, that "the prosecutors provided substantial information much

7    earlier than required"). Although Loo points to the complexity and volume of discovery, *see e.g.*,

8    Dkt. No. 49 at 3, he agreed in November 2024 (after the Government had been producing

9    documents for more than two years) to the May 2, 2025 pretrial motions deadline. Dkt. No. 25.

10   Presumably, Loo considered the complexity of the case and the volume of discovery when

11   requesting the current pretrial motions deadline. And if Loo was unable to timely review discovery

12   prior to the pretrial motions deadline, he could have moved for another continuance, but he did not

13   do so. Nor did Loo request an extension of the pretrial motions deadline until after the deadline

14   had already lapsed—and after the Court struck his untimely motion to dismiss the Indictment. Dkt.

15   No. 44 at 2–3. The complexity of the case and volume of discovery thus do not constitute good

16   cause for the late pretrial motion. *See, e.g.*, *United States v. Castro*, No. 2:19-CR-00295-GMN-

17   NJK, 2022 WL 4464987, at *2–3 (D. Nev. Sept. 24, 2022) (defendant failed to show good cause

18   to file a late motion to suppress where his counsel had two-and-a-half years to examine discovery

19   and were not prevented from filing a motion prior to the deadline); *United States v. Palafox*, No.

20   2:16-cr-00265-GMN-CWH, 2019 WL 2527558, at *2 (D. Nev. June 19, 2019) (defendant did not

21   show good cause for filing an untimely pretrial because he had access to the object of his motion

22   for nearly two years).

23       Loo also avers that on May 12, 2025, the Government produced "its trial exhibit production

24   consisting of 350 exhibits and more than 9,000 pages culled from earlier productions." Dkt. No.

45 at 3. However, Loo does not specifically identify a document in those trial exhibits that caused

him to file his late motion, and as he acknowledges, the trial exhibits were "culled from earlier

productions." *Id.*[2] In the same vein, Loo vaguely avers that it was the reexamining of previously

available materials that led the defense to conclude that misconduct occurred. Dkt. No. 45 at 3–4

(stating that "it was only after the very recent identification of additional information embedded

in the discovery, the rereading of grand jury transcripts, and the reexamining of countless exhibits,

that a clear pattern of misconduct emerged"). Loo identifies several examples of the embedded

"additional information" he claims justifies the late filing. *Id.* at 3–4. First, the defense

"discover[ed]" that the government supposedly showed a witness "conclusive evidence that

NexGen filed tax returns, while telling the grand jury that NexGen never filed tax returns." *Id.* at

4. The Government responds that the defense is referencing Exhibit K to the motion to dismiss,

which was a report of an interview with Witness F that was produced in May 2024—almost a year

before the pretrial motions deadline. Dkt. No. 46 at 7; *see also* Dkt. No. 52 at 4 n.1. Second, the

defense cites to its "post-May 2, 2025, witness interviews" that it claims "confirmed" its suspicion

that the IRS agent gave false testimony to the grand jury. Dkt. No. 45 at 4. Loo's motion did not

support that vague claim or attach a declaration, as required by Local Criminal Rule 12(b)(1).

Belatedly, Loo filed with his reply brief a declaration from one of his attorneys who provided

specifics: in a May 14, 2025 interview, a witness confirmed that a signature on one Form 8879 did

not appear to be from Loo. Dkt. No. 49 at 5.[3] However, the Government produced the Forms 8879

on October 22, 2022, Dkt. No. 46 at 3 & n.3, and the defense could have obtained that witness's

---

[2] Also, the Government produced its trial exhibits earlier than the case schedule required. Dkt. No. 26 at 2.

[3] Loo's reply brief is almost entirely devoid of citations to the record for his factual assertions in violation of Local Criminal Rules 12(b)(1) and 12(e)(6). "Judges are not like pigs, hunting for truffles buried in the record," *Doebler's Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (cleaned up); litigants, rather than courts, "must ferret out and articulate the record evidence considered material to each legal theory advanced," *Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022) (cleaned up). In the future, the Court may decline to consider factual assertions unsupported by citations to the record.

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME MOTION TO DISMISS
INDICTMENT AND GRANTING MOTION TO SEAL - 7

1    opinion earlier with reasonable diligence (or an earlier opinion from another individual, including

2    Loo himself, about the authenticity of the signature).

3        The defense also cites its "belated and fulsome understanding" that evidence received by

4    the first grand jury (which expired) had not been presented to the second grand jury that returned

5    the Indictment. Dkt. No. 45 at 4; *see also* Dkt. No. 46 at 8. The defense does not say when this

6    new "understanding" occurred or why it was unavoidably "belated" given that "the full records of

7    both grand jury proceedings had been produced by June 2024." Dkt. No. 46 at 8. "[N]o good cause

8    exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the

9    date set for pretrial motions, but failed to file it by that date." *United States v. Andres*, 960 F.3d

10    1310, 1316 (11th Cir. 2020) (citation modified).

11        In his reply, Loo argues for the first time that the Government's May 23, 2025 *Brady*

12    disclosure justifies the late filing of his motion to dismiss the Indictment. Dkt. No. 48 at 1–4. He

13    contends that on that date, the Government produced "evidence that (1) the Special Agent falsely

14    testified he had evidence that Mr. Loo signed all six returns for which he was indicted, and (2) the

15    Special Agent relied on guesswork by the Revenue Agent assigned to the prosecution team to

16    support his false . . . testimony" that Nex-Gen did not file tax returns. *Id.* at 1. The Government

17    responds—and the Court agrees—that logically, the Government's May 23, 2025 disclosure could

18    not have caused Loo to file his earlier, May 19, 2025, motion to dismiss late. Dkt. No. 52 at 1–2.

19    The Government also states that "[t]here was no 'unproduced information' and no *Brady*

20    violation." *Id.* at 2. After the Government received Loo's motion to dismiss, it "conducted a

21    follow-up interview with Revenue Agent Matthew Schostak ('RA Schostak'), who was the source

22    of some of the information Mr. Joseph Lopez (former IRS CI Special Agent) relied upon in his

23    testimony to the Grand Jury." *Id.* The Government interviewed RA Schostak on May 23, 2025,

24    and produced the interview report that day. *Id.* As the Government notes, this disclosure does not

show a *Brady* violation because "the government cannot be expected to produce evidence before it exists." *Id.* (citing *Martinez v. Ryan*, 926 F.3d 1215, 1228 (9th Cir. 2019)). The Government also informed defense counsel on May 23, 2025 that until Loo filed his motion to dismiss, the Government "did not realize that the 2016 Form 8879 attached to the [Special Agent Report ('SAR')] was unsigned." Dkt. No. 50 at 2.[4] On that day, the Government also disclosed that "[p]rior to the 4/24/24 grand jury presentation, we asked Mr. Lopez to review all of the relevant Forms 8879 to confirm that they were signed." Dkt. No. 50 at 2 (writing that after the motion to dismiss was filed, Mr. Lopez told the Government that "he believed his testimony was accurate at the time he gave it, but—since he is unable to locate a signed version of the 2016 Form 8879 in his files—he now believes he made a mistake."). As the Government argues, there was no *Brady* violation because it disclosed this information as soon as it learned it, and "at a time when disclosure would be of value to the accused." Dkt. No. 52 at 2 (quoting *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (citation omitted)).[5]

Loo also argued for the first time in his reply that "the Defense was hamstrung by the death of Gary SooHoo, the employee/partner responsible for filing the Nex-Gen tax returns and corresponding with the IRS about Nex-Gen's late-filing penalties." Dkt. No. 48 at 4. Loo does not

---

[4] The SAR "is a voluminous document that includes virtually all of the IRS' investigative file." Dkt. No. 46-1 at 3.

[5] Because the Government instructed Mr. Lopez "to review all of the relevant Forms 8879 to confirm that they were signed" before his grand jury presentation, and neither the Government nor Mr. Lopez realized that one form was unsigned until Loo filed his motion to dismiss, Dkt. No. 50 at 2, Loo has not shown that the Government "knowingly" presented perjured testimony to the grand jury. *United States v. Samango*, 607 F.2d 877, 881 (9th Cir. 1979); *see* Dkt. No. 50 at 2 (Mr. Lopez "believed his testimony was accurate at the time he gave it, but . . . now believes he made a mistake."); *see also United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (finding no prosecutorial misconduct absent evidence that the prosecutor "knew [the witness] committed perjury in his testimony to the grand jury, as opposed to making a misstatement, material as though that misstatement appears to be."). Furthermore, contrary to Loo's arguments, Dkt. No. 48 at 3, the Government is not required to present exculpatory evidence to the grand jury. *United States v. Williams*, 504 U.S. 36, 52 (1992) ("Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible" with the grand jury system); *United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011) ("[T]he government has no obligation to disclose substantial exculpatory evidence to a grand jury." (citation omitted)).

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME MOTION TO DISMISS INDICTMENT AND GRANTING MOTION TO SEAL - 9

1   indicate when SooHoo died, but in any event, this argument rings hollow when Loo had the

2   discovery he relies on in his motion to dismiss at least ten months before he filed his motion. Dkt.

3   No. 46 at 2. As the Government emphasizes, Loo "did not need Mr. SooHoo to locate the relevant

4   tax returns and correspondence" because "[t]hat material – along with all of the material relied

5   upon the Motion to Dismiss – was produced to the defense in discovery far in advance of the

6   pretrial motions deadline." Dkt. No. 52 at 3.

7         Loo also contends that his delay in filing the motion was only two weeks, which has not

8   prejudiced the Government. Dkt. No. 48 at 6–7. This argument ignores the fact that because of

9   Loo's violations of the applicable Court rules, the motion is still not properly before the Court even

10  though trial is less than a month away. *See, e.g.*, Dkt. No. 44 at 2 (striking the motion to dismiss

11  the Indictment because it was filed late and without a motion for leave to file pretrial motions after

12  the deadline). Loo compounded the problem by failing to attach his proposed motion to dismiss to

13  his motion for leave as the Court ordered him to do, and by improperly including a new argument

14  in his reply brief—without obtaining leave to do so—leading the Court to allow the Government

15  to file a surreply. Dkt. No. 51. The Government notes that it will be prejudiced if the late motion

16  to dismiss is allowed because the prosecutors will have to spend time responding, which would be

17  "a major disruption" to their trial preparation at a time when, "with pretrial motions fully briefed"

18  according to the case schedule, the Government should be able to "turn to preparing its witnesses

19  and exhibits." Dkt. No. 46 at 9; *see also* Dkt. No. 46-1 at 5. In addition, one of the trial AUSAs

20  was on parental leave "for much of the pretrial period"—something the Government accounted

21  for in negotiating the proposed scheduling order. Dkt. No. 46 at 9; Dkt. No. 46-1 at 4.

22        Were the Court to permit Loo to file his motion today, it would be noted for June 16, a

23  mere three business days before the pretrial conference. LCrR 12(b)(1); Dkt. No. 26 at 2. The

24  Government's response would be due on June 11, LCrR 12(b)(2); meanwhile, the Government's

proposed jury instructions are due June 6, its trial brief is due June 13, and it must review Loo's proposed alternate or supplemental instructions (due June 10) before filing its proposed supplemental instructions on June 16, Dkt. No. 26 at 2. In addition, Loo's motion to dismiss is not only overlength, but it also includes 547 pages of exhibits. Dkt. No. 43. In violation of Local Criminal Rule 12(e)(8), Loo failed to mark those exhibits with highlighting or other markers "to designate testimony or evidence referred to in [his] filings." Requiring the Government to respond to this untimely, noncompliant, overlength motion would disrupt its trial preparation and other pretrial tasks, and it would leave the Court with insufficient time to meaningfully review and rule on the motion prior to the pretrial conference.

Finally, Loo argues that this motion should be granted "because it raises allegations of serious Constitutional proportions." Dkt. No. 45 at 6. Even if a pretrial motion raises a "substantial constitutional" claim, the Court may still deny leave to file the motion late, *Davis v. United States*, 411 U.S. 233, 243 (1973), even if the motion appears meritorious, *Tekle*, 329 F.3d at 1112. Indeed, "[d]ue to the nature of criminal cases, pretrial motions will necessarily raise arguments implicating a defendant's constitutional right," but "[a]n examination of Rule 12(b)(3) indicates that the Rule specifically considered the possible constitutional arguments defendants may raise and yet requires that they be made by pretrial motion." *Palafox*, 2019 WL 2527558, at *2. "For example, arguments of improper venue implicate a defendant's constitutional right 'to be tried in a district where the crime was committed[,]' and preindictment delay arguments implicate a defendant's Fifth Amendment due process rights." *Id.* If the Court adopted Loo's argument that constitutional arguments can be raised at any time, "Rule 12(b)(3) would serve no purpose." *Id.*

Loo has thus failed to show good cause to extend the pretrial motions deadline, and the Court denies his motion.

1      **C.      Loo's Motion to Seal is Granted**

2              Loo moves to seal exhibits 1–3 that he filed with his reply brief. Dkt. No. 47; *see also* Dkt.

3      No. 50 (sealed exhibits). The Government does not oppose the motion. Loo states that "[e]ach of

4      the exhibits have been prepared by the government and identify government personnel by name

5      and discusses federal tax information of a private nature regarding a business entity, all of . . .

6      which under Fed. R. Civ. Proc. 5.2, would otherwise require extensive redaction if not filed under

7      seal." Dkt. No. 47 at 1. The Federal Rules of Civil Procedure do not apply here, and there is no

8      Federal Rule of Criminal Procedure 5.2 or a Local Criminal Rule with that number. The Local

9      Criminal Rules do not incorporate Civil Rule 5.2 by reference, *see* LCrR 1(a) (regarding the scope

10     of the rules), and Loo's motion does not include "a specific statement of the applicable legal

11     standard," LCrR 49.1(e). In the interest of efficiency, the Court considers the motion despite these

12     deficiencies.

13             "Historically, courts have recognized a 'general right to inspect and copy public records

14     and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of

15     Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

16     U.S. 589, 597 (1978)). District courts therefore "start with a strong presumption in favor of access

17     to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

18     Despite the public's right to access documents in criminal proceedings, a document may remain

19     under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely

20     to be harmed if the document is not sealed and (3) there are no less restrictive alternatives for

21     protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221,

22     at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

23             The exhibits that Loo seeks to seal include the email addresses of Government employees

24     and sensitive tax information. *See generally* Dkt. No. 50. The Court finds that protecting such

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME MOTION TO DISMISS
INDICTMENT AND GRANTING MOTION TO SEAL - 12

information serves as a compelling interest that would be harmed by public disclosure. Because of the extensive redactions that would be required to remove that information, there are no less restrictive means of protecting it. Accordingly, exhibits 1–3 can remain under seal. Dkt. No. 50.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Loo's Motion for Leave to File Out of Time Motion to Dismiss the Indictment with Prejudice, Dkt. No. 45, and GRANTS Loo's Motion to Seal, Dkt. No. 47.

Dated this 4th day of June, 2025.

Lauren King
United States District Judge