UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>STEVEN T. LOO,<br><br><br>                    Defendant. | CASE NO. 2:24-cr-00072-LK<br><br>ORDER REGARDING EXPERT WITNESSES |

The Court has reviewed the parties' third amended/supplemental expert disclosures and still cannot find that all requirements of Rule 702 are met.

Professor Avi-Yonah's opinion that Mr. Loo did not have taxable income for the relevant years relies on a theory that various entities owned by the SooHoo, Quon, and Loo families constituted a *de facto* partnership. But Professor Avi-Yonah sets forth only a conclusory opinion that "[b]oth the 1998 limited partnership and the 2003 limited partnership had more than one partner and were intended to and did run a profitable business, and, therefore, constituted partnerships for federal income tax purposes." He does not engage with the relevant factors, *see*

Dkt. No. 88 at 6 n.3, or provide evidentiary support for this conclusion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *United States v. Bennett*, 29 F. Supp. 2d 236, 239 (E.D. Pa. 1997) (before testimony "may surmount the F.R.E. 401 relevance and F.R.E. 702 hurdles, it must be shown that, given the actual facts and circumstances, it supports a legally acceptable theory"; "[m]erely conclusory or speculative testimony is not enough"); Fed. R. Evid. 702, Advisory Committee's Notes to 2000 amendments ("The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'"). Accordingly, the Court cannot find that Professor Avi-Yonah's opinion is "based on sufficient facts or data," "is the product of reliable principles and methods," or that he "has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. However, the Court will permit the parties to voir dire Professor Avi-Yonah outside the presence of the jury and before he provides any expert testimony to determine whether the requirements of Rule 702 are met.

The Court is satisfied that Agent Byrd's opinion that Mr. Loo owed taxes because T-One and Nex-Gen should be disregarded for tax purposes is based on sufficient facts or data and is the product of reliable principles and methods. However, in the absence of more information about the facts of the case, the Court cannot yet conclude that her opinion reflects a reliable application of the principles and methods to the facts of the case. *See, e.g.*, Nov. 26, 2024 disclosure nn. 1–2 (citing evidence that was not attached to the disclosures provided to the Court); May 6, 2025 disclosure (citing adjusted calculations that were not attached to the disclosures provided to the Court). Furthermore, like Professor Avi-Yonah's opinion described above, Agent Byrd's alternative opinion that substantial tax was due and owing even if the entities were not disregarded is conclusory. *See* Feb. 11, 2025 disclosure. At this juncture, the Court cannot conclude that the

latter opinion is "based on sufficient facts or data," "is the product of reliable principles and methods," or that Agent Byrd "has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. As with Professor Avi-Yonah, the Court will permit the parties to voir dire Agent Byrd outside the presence of the jury and before she provides any expert testimony to determine whether the requirements of Rule 702 are met.

Dated this 29th day of June, 2025.

Lauren King
United States District Judge