UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br> v.<br><br>STEVEN T. LOO,<br><br>      Defendant. | CASE NO. 2:24-cr-00072-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO SEAL AND REDACT TRIAL EXHIBITS |

  This matter comes before the Court on the Government's Unopposed Motion to Seal and Redact Admitted Trial Exhibits. Dkt. No. 140. Mr. Loo has not responded to the motion.

  The jury returned its verdict on July 11, 2025. Dkt. No. 132. On July 28, 2025, the Government filed this motion alongside the admitted trial exhibits, Dkt. No. 141, and the sealed admitted trial exhibits, Dkt. Nos. 142–147.

  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

In addition, this district's General Order No. 01-18 permits parties to file under seal "any confidential exhibits admitted at trial . . . utilizing the Court's existing methods for filing documents under seal." Local Criminal Rule 49.1 requires parties seeking to seal documents—other than those specifically listed in subpart (d)—to file a motion before or at the same time the party files the sealed materials. LCrR 49.1(e). Federal Rule of Criminal Procedure 49.1(a) requires parties to redact certain sensitive information from publicly filed documents, including portions of financial-account numbers, taxpayer-identification numbers, and home addresses.

The Government avers that "[s]everal voluminous exhibits admitted at trial display unredacted financial account numbers, home addresses and tax identification numbers," and "[t]he parties agree that these exhibits should remain sealed." Dkt. No. 140 at 2. Additionally, as the Government notes, *id.*, the Court approved the Government's request to file all bulk financial records under seal due to the voluminous size of size of the exhibits, and because the information in the exhibits was presented almost entirely through summary chart exhibits that will not be sealed. The Governments also states that other documents it seeks to seal contain "an unredacted financial account [number], an unredacted tax identification number, or an address." *Id.*

1    Having reviewed the records, the Court finds that the records that the Government seeks to
2    seal and redact contain tax returns, financial ledgers, banking statements, financial account
3    numbers, tax identification numbers, and home addresses. Protecting Mr. Loo's privacy serves a
4    compelling interest that would be harmed by public disclosure. *See, e.g.*, *Maliwat v. Scott*, No.
5    2:25-cv-00788-TMC, 2025 WL 1311338, at *5 (W.D. Wash. May 6, 2025) (finding compelling
6    reasons to seal documents containing home addresses and financial records); *Evitt v. Experian*
7    *Info. Sols. Inc.*, No. 3:23-CV-05294-LK, 2024 WL 2274314, at *2 (W.D. Wash. May 20, 2024)
8    (finding compelling reasons to seal financial information); *Delashaw v. Seattle Times Co.*, No.
9    C18-537-JLR, 2020 WL 6818720, at *3 (W.D. Wash. May 28, 2020) (noting that courts routinely
10   seal tax returns). In addition, given that confidential financial and tax information pervade the
11   sealed documents, there is no less restrictive means of protecting Mr. Loo's privacy.

12   Accordingly the Court finds good cause to maintain the following trial exhibits under seal:
13   282, 402, 403, 404, 405, 416, 417, 418, 419, 420, 435, 436, 437, 438, 439, 600, 601, 602, 603,
14   604, 605, 606, 607, 608, 609, 610, 611, 612, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631,
15   632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 645, 646, 647, 648, 649, 650,
16   651, 652, 653, 654, 655, 656, 657, 658, 659, 660, 661, 662, 663, 664, 665, 666, 667, 668, 669,
17   670, 671, 672, 673, 674, 675, 676, 677, 678, 679, 680, 681, 682, 683, 684, 685, 686, 687, 688,
18   689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 826, 827, 828, 829, 830, 831, 832, 833,
19   834, 835, 836, 904, 910, 911, 912, 913, 914, 915, 928, 934, 937, 938.

20   In addition, redacted versions of the following exhibits shall be available on the public
21   docket: 001, 002, 003, 004, 005, 006, 007, 008, 009, 010, 011, 013, 014, 015, 016, 017, 018, 019,
22   020, 021, 022, 023, 024, 025,[1] 030, 031, 032, 033, 034, 035, 036, 037, 038, 042, 043, 044, 045,

---

[1] This exhibit is listed as "205" in the Government's motion; however, given the chronological listing of the exhibit numbers in the motion and the fact that exhibit 205 was not admitted, the Court assumes that "025" is correct.

ORDER GRANTING UNOPPOSED MOTION TO SEAL AND REDACT TRIAL EXHIBITS - 3

046, 047, 048, 049, 050, 051, 052, 053, 054, 055, 056, 060, 061, 062, 066, 067, 068, 075, 077, 078, 079, 080, 081, 083, 084, 085, 094, 097, 102, 103, 104, 108, 109, 110, 114, 115, 116, 117, 118, 119, 121, 122, 123, 200, 202, 206, 210, 211, 215, 216, 218, 220, 221, 224, 226, 227, 228, 229, 230, 231, 232, 233, 235, 238, 239, 243, 246, 247, 248, 249, 250, 253, 254, 255, 258, 259, 262, 263, 264, 266, 267, 271, 273, 274, 277, 278, 281, 284, 285, 286, 289, 290, 291, 293, 296, 297, 299, 300, 310, 311, 316, 317, 318, 319, 320, 321, 401, 407, 434, 446, 447, 448, 449, 452, 453, 461, 465, 466, 467, 468, 469, 470, 471, 474, 475, 476, 478, 479, 480, 481, 482, 500, 502, 504, 510, 512, 535, 613, 614, 615, 616, 617, 618, 619, 620, 621, 701, 705, 710, 715, 719, 721, 722, 723, 733, 734, 739, 740, 745, 748, 751, 752, 754, 755, 756, 759, 762, 764, 765, 766, 767, 768, 769, 770, 772, 773, 774, 779, 780, 781, 782, 805, 806,[2] 817, 950, 955, 956, 957, 958, 959, 960, 962, 963, 965, 966, 967, 971, 974, 977, 978, 979, 981, 983, 984, 987, 990, 994, 1000, 1001, 1505, 1522, 1530, 1534, 1535, 1538, 1539, 1560, 1563, 1575 (Admitted for Limited Purpose), 1589, 1591, 1596, 1606, 1607, 1632, 1648, 1652, 1682, 1690, 1691, 1692, 1693, 1694, 1695, 1697, 1696, 1730, 1736, 1737, 1753, 1753A, 1755, 1762, 1763, 1777, 1783, 1798, 1805, 1874, 1883, 1940, 1949, 1950, 1952.

Accordingly, the Court GRANTS the Government's Unopposed Motion to Seal and Redact Admitted Trial Exhibits. Dkt. No. 140.

Dated this 5th day of August, 2025.

Lauren King
United States District Judge

---

[2] This exhibit is listed as "706" in the Government's motion; however, given the chronological listing of the exhibit numbers in the motion and the fact that exhibit 706 was not admitted, the Court assumes that "806" is correct.