UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>STEVEN T. LOO,<br><br>                    Defendant. | CASE NO. 2:24-cr-00072-LK<br><br>ORDER GRANTING MOTION TO STRIKE DECLARATION OF PROFESSOR AVI-YONAH |

This matter comes before the Court on the Government's motion to strike the Declaration of Professor Reuven Avi-Yonah, which Defendant Steven T. Loo filed on the docket unaccompanied by any motion or brief. Dkt. No. 173 (motion to strike); *see also* Dkt. No. 170 (Professor Avi-Yonah's declaration). For the reasons set forth below, the Court grants the motion.

## I.    BACKGROUND

On July 11, 2025, the jury returned its verdict, finding Mr. Loo guilty of six counts of Income Tax Evasion and six counts of Filing a False Income Tax Return. Dkt. No. 132. Sentencing was scheduled for October 9, 2025. Dkt. No. 130.

ORDER GRANTING MOTION TO STRIKE DECLARATION OF PROFESSOR AVI-YONAH - 1

On August 7, 2025, Mr. Loo filed an unopposed motion to continue his sentencing to December 4, 2025, stating that "[t]he parties agree a continuance is necessary to allow additional time for an amended Presentence Investigation Report and to prepare sentencing memoranda." Dkt. No. 149 at 1. After the Court requested that the parties attempt to agree on a briefing schedule if they planned to have dueling experts regarding sentencing, Mr. Loo filed a motion to continue his sentencing to the week of March 9, 2026. Dkt. No. 152. In that motion, Mr. Loo stated that he was hiring a forensic CPA "to analyze the records" and "prepare a report" for sentencing. *Id.* at 3. He argued that the continuance would allow him time "to present a valid tax loss computation," and "to ensure that the parties and the Court have sufficient time to analyze and respond to each party's proposed tax loss expert reports." *Id.* at 6. Over the Government's objection that the requested six-month continuance was "excessive," Dkt. No. 153 at 1, the Court granted Mr. Loo's motion so that his forensic CPA would have sufficient time to review the tax returns, address the Government's tax theories, and prepare a report, Dkt. No. 155 at 6. The Court set a January 12, 2026 deadline for Mr. Loo's expert disclosure, a February 9, 2026 deadline for the Government's expert disclosure, and a February 23, 2026 deadline for Mr. Loo's reply expert disclosure. *Id.*

On January 12, 2026, Mr. Loo disclosed (but did not file on the docket) the expert report of CPA/ABV, CFF Scott Leslie. Dkt. No. 173-1. The Government disclosed (but did not file on the docket) an expert report from Revenue Agent Sandy Byrd on February 9, 2026. Dkt. No. 173-2. It also disclosed (but did not file on the docket) the Declaration of Internal Revenue Service Agent Joseph Lopez that "focus[ed] on factual matters and evidence from financial and tax records." Dkt. No. 173-3 at 2. On February 23, 2026, Mr. Loo disclosed (but did not file on the docket) a rebuttal report from Mr. Leslie, Dkt. No. 173-4, and filed (without explanation) the now-

ORDER GRANTING MOTION TO STRIKE DECLARATION OF PROFESSOR AVI-YONAH - 2

disputed declaration of Professor Reuven Avi-Yonah, Dkt. No. 170. This motion from the Government followed two days later. Dkt. No. 173.[1]

## II.  DISCUSSION

The Government argues that "the filing of Prof. Avi-Yonah's declaration violates the local rules" because it is not signed by any attorney of record in violation of Local Criminal Rule 12(e)(4), which requires that all filings be signed in accordance with Federal Rule of Civil Procedure 11. Dkt. No. 173 at 4. The Government further contends that "Prof. Avi-Yonah's declaration is a disguised attempt to add him as an undisclosed expert in violation of this Court's scheduling order." *Id.* The Government avers that Mr. Loo's expert disclosures were due by January 12, 2026 under the Court's scheduling order, so if Mr. Loo wanted to use Professor Avi-Yonah as an expert, it had to "identify him and produce his disclosure on that date." *Id.* Instead, Mr. Loo disclosed only Mr. Leslie by the January 12 deadline. *Id.* The Government also disagrees with the defense's contention that Professor Avi-Yonah's declaration is properly before the Court to respond to inaccurate characterizations of his trial testimony and to marshal his opinions into a single document because it is the province of Mr. Loo's attorneys to contest accuracy and organize evidence in the record to support their client's position. *Id.* at 5. Finally, the Government characterizes Professor Avi-Yonah's declaration as "a Trojan Horse for expert opinions" because Mr. Leslie relies on that declaration to buttress his own rebuttal report, rather than relying on the evidence already (properly) in the record. *Id.* at 5–6; *see also id.* at 6–7 (arguing that the declaration "is a pretext for the defense to proffer an undisclosed expert to bolster the one expert they actually chose to disclose").

---

[1] Following receipt of this motion and the parties' voluminous sentencing materials, the Court continued Mr. Loo's sentencing hearing to May 22, 2026 to allow the Court sufficient time to consider those filings. Dkt. No. 186. The Court then continued the sentencing again, this time to July 16, 2026, based on an unopposed motion to continue sentencing filed by Mr. Loo. Dkt. No. 189.

Mr. Loo responds that Professor Avi-Yonah's declaration is a proper rebuttal disclosure because the Government "opened the door to, and arguably forced the creation of, Prof. Avi-Yonah's declaration, by having characterized (inaccurately) his testimony and legal conclusions, thereby rendering this a rebuttal report specifically permitted by the Court's order." Dkt. No. 183 at 2. Mr. Loo contends that most of the declaration—including sections 1 through 4; section 5 at page 12, lines 3–14; and section 6 at page 14, lines 12–15—is not an expert report at all because it merely corrects the record about Professor Avi-Yonah's trial testimony. *Id.* at 2–3. Mr. Loo further argues that the remainder of sections 5 and 6 of the declaration contain Professor Avi-Yonah's opinions that aspects of Revenue Agent Byrd's expert report and Special Agent Lopez's declaration misstate the law. *Id.* at 3. Thus, as to those portions of sections 5 and 6, the need for rebuttal was not known until after the Government produced its expert report on February 9. *Id.* Finally, Mr. Loo argues that even if the report was untimely, the issue is moot because Mr. Loo could have submitted the declaration with his later filed sentencing memorandum. *Id.* at 4.

In reply, the Government avers that Mr. Loo does not explain why he needed to submit Professor Avi-Yonah's declaration rather than relying on the "extensive, existing record of the Professor's positions." Dkt. No. 185 at 1. The Government further argues that Mr. Loo "cannot circumvent the Court's order by labelling an improper expert disclosure as a 'declaration,'" and that the order's purpose of "allow[ing] the government an opportunity to respond to the defense's expert or experts" would be frustrated by "[a]llowing the defense to trot out a new, undisclosed expert at the reply stage[.]" *Id.* at 2.

The Court first considers the alleged violation of court rules. Local Criminal Rule 12(e)(4) requires that "[a]ll pleadings, motions and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11, CrR 62.5, and the court's Electronic Filing Procedures," and provides that the Court "might not consider improperly signed or unsigned documents." In turn,

ORDER GRANTING MOTION TO STRIKE DECLARATION OF PROFESSOR AVI-YONAH - 4

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper" filed by a represented party "must be signed by at least one attorney of record in the attorney's name[.]" "The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). Here, the freestanding declaration was improperly filed because it was untethered to a substantive document; the Federal and Local Rules of Criminal Procedure do not contemplate filing a standalone declaration like this. *See, e.g.*, Fed. R. Crim. P. 16 & Notes of the Committee on the Judiciary to the 1975 Amendment ("[T]he rule provides that the parties themselves will accomplish discovery[.]"); CrR 16; *see also Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules . . . , the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)). In addition, the filing was not signed by an attorney as required by Federal Rule of Civil Procedure 11. And finally, the Court did not order the parties to file their expert reports; it ordered a schedule for their disclosure. *Compare* Dkt. No. 152-1 at 1 (proposed order setting forth dates on which the disclosures must be "filed"), *with* Dkt. No. 155 at 6 (order setting forth "disclosure" deadlines without ordering that they be filed). The Court therefore STRIKES Docket Entry 170. However, this does not end the parties' dispute, because Mr. Loo filed the declaration again in his sentencing materials while the Government's motion was still pending. Dkt. No. 184-1, Ex. C.

But Mr. Loo's reliance on the resubmitted Avi-Yonah declaration also violates the Local Criminal Rules. Specifically, under Local Criminal Rule 12(e), Mr. Loo was required to "cite the page and line of any part of the . . . record to which [his brief] refer[red]," including the docket and page number of any documents previously filed. This he did not do—either in his objections to the Presentence Report or in his sentencing memorandum. *See generally* Dkt. No. 171; Dkt. No. 184 at 13, 42 (stating generally that Loo's brief relies on Professor Avi-Yonah's declaration

ORDER GRANTING MOTION TO STRIKE DECLARATION OF PROFESSOR AVI-YONAH - 5

without any citation (even to the docket or exhibit number, let alone any page numbers)). The Court has underscored the importance of compliance with the Local Criminal Rules and warned Mr. Loo that it may impose sanctions for violations of those Rules on many occasions, *see, e.g.*, Dkt. No. 51; Dkt. No. 53 at 7 & n.3; Dkt. No. 60; Dkt. No. 61 at 15, and *specifically* warned him that it may "decline to consider factual assertions unsupported by citations to the record" as required by Rules 12(a)—formerly Rule 12(b)(1)—and (e)(6), Dkt. No. 53 at 7 n.3 (noting that Loo's brief was "almost entirely devoid of citations to the record for his factual assertions in violation of Local Criminal Rules 12(b)(1) and 12(e)(6)"); *see also Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) ("[J]udges are not like pigs, hunting for truffles buried in the record." (citation modified)); *Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022) (Litigants, rather than courts, "must ferret out and articulate the record evidence considered material to each legal theory advanced[.]" (citation modified)). The Court thus declines to consider Professor Avi-Yonah's declaration, and does not grant leave to correct these deficiencies, as that would require numerous substantive amendments to Mr. Loo's sentencing memorandum.[2]

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion to strike the Declaration of Professor Reuven Avi-Yonah. Dkt. No. 173.

Dated this 6th day of July, 2026.

Lauren King
United States District Judge

---

[2] Even if the Court were to address the substance of the declaration, the Court would exclude it. Mr. Loo cites nothing in support of his contention that a witness can submit a post-trial declaration to "correct[] the record concerning his testimony[.]" Dkt. No. 183 at 3. The Government's disclosures did not "open[] the door" to Professor Avi-Yonah repackaging his trial testimony as Mr. Loo contends. *Id.* at 2. The Government is correct that marshaling evidence and pointing out inconsistencies in the existing record is the job of attorneys, not witnesses. Dkt. No. 173 at 5. To the extent that Professor Avi-Yonah is now *elaborating* on his trial testimony, then his opinions should have been disclosed by Mr. Loo's January 12 expert disclosure deadline.

ORDER GRANTING MOTION TO STRIKE DECLARATION OF PROFESSOR AVI-YONAH - 6